STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
C I B INTERNATIONAL, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted May 14. 1979—Decided June 5, 1979.

70

Before Judges CONFORD, PRESSLER and KING.

*Messrs. Goodman, Stoldt & Horan,* attorneys for appellant *(Mr. Arthur N. Chagaris,* on the brief).

*Mr. Geoffrey Lebar,* attorney for respondent on the brief.

PER CURIAM. Defendant appeals its conviction of violating a provision of the Borough of Little Ferry zoning ordinance which requires the owner of a multi-family dwelling to obtain a certificate of occupancy from the building inspector before any unit of that dwelling may be re-rented to a new tenant or occupant. Defendant sought unsuccessfully to dismiss this charge in both the municipal court and during his *de novo* trial on the record in County Court. He was found guilty at both levels and on appeal he reiterates his contentions that the Little Ferry zoning ordinance provision (a) is an invalid attempt by the municipality to utilize certificates of occupancy to enforce health ordinances; (b) unconstitutionally discriminates and denies equal protection of the laws to owners of multi-family dwellings, and (c) is invalid because the State has preempted the field of multiple-family dwelling regulation by its enactment of the Hotel and Multiple Dwelling Law, *N. J. S. A.* 55:13A–1 *et seq.*

It suffices to say we conclude defendant is right on the first of the foregoing grounds of objection to the ordinance requirement, and we need not consider the others.

The requirement in a zoning ordinance for a certificate of occupation as a condition of use of a new structure or of a change of use of a structure or land is related to the character of zoning and building ordinances as regulatory of the uses and construction of property and is recognized as a legitimate enforcement device in respect

of municipal regulatory functions in those areas. See *Dresner v. Carrara,* 69 *N. J.* 237 (1976). However, absent a change in the use of property, there is no statutory authorization for the requirement of a certificate of occupancy upon the mere lease of property. *Ibid.* It would follow, a *fortiori,* that such a requirement is unauthorized upon a mere re-rental of an apartment in an apartment house, particularly when the regulatory purpose is, as here, to inspect the apartment for violations of the health ordinances of the municipality.

Viewed as a device for enforcement of the health ordinance the prohibition of use of the re-rented apartment without prior application for and acquisition of a certificate of occupancy has additional flaws. The ordinance conditions the issuance of a certificate upon indication that the dwelling unit "has complied with the provisions of this ordinance and such other ordinances of the Borough of Little Ferry as may be applicable." Apart from the vitiating absence of any indication that the building inspector is authorized to enforce a health ordinance, this provision operates illegally to deprive an owner of property of its use without the due-process requirement of prior notice and opportunity to be heard on a charge of a designated violation of a specifc ordinance. See *Mathews v. Eldridge,* 424 *U. S.* 319, 96 *S. Ct.* 893, 47 *L. Ed.* 2d 18 (1976); *Goldberg v. Kelly,* 397 *U. S.* 254, 90 *S. Ct.* 1011, 25 *L. Ed.* 2d 287 (1970).

Reversed.